UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

ORDER

* * * * * * * * * * * * * * * * * * *

Patrick T. Manion, Jr., and
Nancy Manion,

Plaintiffs,

vs.

Alex Stirling; Beaver Park Marina, Inc.; William G. Schaeffer; Boats, Inc; Brian Olson; Donald C. Mackenzie; Bruce Marine, Inc.; Bruce Crowder; Tom Crowder; Marinone, Corp.; Tony Lumpkin; Cope Auto & Marine, Inc.; Kenneth Cope; Counce Marine, Inc.; Tandy Counce; Crocker's Marine, Inc.; Crocker & Co., LLC; Morehead Marine, Inc.; Newland Kay Crocker; Terry G. Wilder; Custom Fiberglass Manufacturers, Inc.; Frank Franklin; "Just Add Water" Boats, Inc.; Tim Meyer; Killinger Marine Center, Inc.; Douglass Killinger; Norris Marine, Ltd.; Tom Stidham; Phil Dill Boats, Inc.; Phil Dill, Jr.; Port Harbor Marine, Inc.; Robert Soucy; Russo's Marine mart, Inc.; Lawrence J. Russo, Sr.; Summerville Marine, Inc.; Cleveland Wilson; Texas Marine & Brokerage, Inc.; Texas Marine of Houston, Inc.; Texas Marine of Clear Lake, Inc.; and Michael Hebert,

Defendants. Civ. No. 02-370 (ADM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 17th day of June, 2003.

(96)

JUN 17 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. Introduction

On June 5, 2003, the Court heard arguments on the Plaintiffs' Motion to Extend Discovery Schedule, and on the informal Motion of the Defendants Newland K. Crocker, Terry G. Wilder, Crocker's Marine, Inc., Morehead Marine, Inc., and Crocker & Co., LLC (collectively the "Crocker Defendants") to extend the discovery deadline so as to permit the taking of the Plaintiffs' depositions. At the time of the Hearing, the Plaintiffs appeared by William J. French and Martin A. Carlson, Esqs.; the Crocker Defendants appeared by Mark R. Azman, Esq.; the Defendants Alex Stirling, Bruce Marine, Inc., Bruce Crowder, Tom Crowder, Cope Auto & Marine, Inc., Kenneth Cope, Counce Marin, Inc., Tandy Counce, "Just Add Water" Boats, Inc., Tim Meyer, Norris Marine Ltd., and Tom Stidham, appeared by Stephen L. Wilson, Esq.; and the remaining Defendants appeared by Peter D. Gray, Esq.

For reasons expressed at the close of the Hearing, and briefly reiterated below, we deny both the Plaintiffs' and the Crocker Defendants' Motions.

## II. Factual and Procedural History

The Plaintiff initiated this action on February 12, 2002. The Defendants are the individual members of a consortium of boat dealers, which is known as the Boat Dealers Alliance ("BDA"), and which

was formed for the purpose of negotiating more favorable prices from marine equipment manufacturers. In their Complaint, the Plaintiffs allege that the Defendants tortiously interfered with their employment, and committed conversion, and securities fraud, in connection with the Plaintiffs' BDA stock. Additionally, the Plaintiffs allege claims for a breach of fiduciary duty, for unjust enrichment, for intrusion into seclusion, and for conspiracy.

As pertinent here, in a separate action, Manion v. Nagin, Civil File No. 00-238 (ADM/RLE), which is also pending before this Court, the Plaintiff Patrick J. Manion, also sued the BDA itself, and its former attorney, Stephen Nagin. The earlier case was initially stayed by the District Court, so as to allow the arbitration of the claims therein asserted. This case was filed during the pendency of the stay in the Nagin action. On April 27, 2002, the Defendants in this action served Motions to Dismiss the Plaintiffs' Complaint for lack of personal jurisdiction. When the Plaintiffs requested that they not be required to respond to those Motions until 30 days after the Nagin arbitration was concluded, the Defendants agreed to that request. In October of 2002, we issued a Pretrial Notice and Order to all parties, which scheduled a Pretrial Conference for November 22, 2002. In response to that Notice, the parties prepared proposed pretrial schedules, in which both parties suggested that we stay the instant action -- the

Plaintiffs requesting that the stayed be imposed until such time as the Nagin arbitration was fully decided, and the Defendants suggested a stay until the disposition of their dispositive Motions.

At the Pretrial Conference, we rejected the parties' requests for a Stay, and set the discovery deadline at June 1, 2003. We also informed the parties that, if they objected to our decision not to stay the action, they could contest that ruling by an appeal to the District Court. None of the parties took such an appeal, and the case proceeded. On May 9, 2003, the District Court heard the Defendants' Motion to dismiss for lack of personal jurisdiction, as well as Motions to Dismiss for failure to state a claim, or alternatively, for Summary Judgment, that were filed in April of 2003.

Notwithstanding our rejection of the parties' requests that we stay these proceedings, and despite our scheduling of discovery to close on June 1, 2003, the Plaintiffs undertook no discovery in the months which followed. While the Plaintiffs represent that the parties have agreed to largely adopt discovery obtained in the course of the Nagin case, the Plaintiffs now wish to obtain some discovery from the individual Defendants who are named in this case, inclusive of the taking of their depositions. However, as

the discovery period is now closed, the Plaintiffs seek relief from our Pretrial Order, in order to initiate that discovery.

The Plaintiffs relate that they did not conduct discovery for three reasons. First, they contend that, since the Defendants have not yet served their Answers, they cannot know what facts are in dispute, and consequently, cannot properly tailor their discovery requests. Second, the Plaintiffs maintain that it would have been wasteful to proceed with discovery while the dispositive Motions were pending, because the case could be dismissed. Lastly, the Plaintiffs relate that the Defendants have taken the position that the arbitration award precludes the claims raised in this action, such that the Plaintiffs would be acting in bad faith, if they were to pursue the claims alleged in this action.[1] Consequently, the Plaintiffs argue that they should not be placed "in the position of having to complete discovery in compliance with the scheduling order while being simultaneously exposed to defendant's threat of sanctions on the ground that the action is frivolous and should be dismissed."

For their part, the Crocker Defendants request that we excuse them from the discovery deadline, in order that they may now depose

[1]Notably, the Defendants do not contend that the arbitration decision has any effect on the Plaintiffs' intrusion upon seclusion claim, and they do not suggest that the Plaintiffs can pursue that claim only upon risk of Rule 11 sanctions.

the Plaintiffs. They noted the Plaintiffs depositions on May 19, 2003, and scheduled the depositions for May 30, 2003. However, the Plaintiffs, who live in another State, were unavailable on that day, and the parties were unable to select a mutually acceptable date, for the taking of those depositions, prior to the close of discovery. When the Crocker Defendants suggested that they agree on a date after June 1, 2003, the Plaintiffs refused, noting that any such agreement would controvert our Pretrial Order. As a result, the Crocker Defendants request that we extend the discovery deadline in order to permit them to take the Plaintiffs' depositions.

## III. Discussion

1. Standard or Review. The "good cause" standard of Rule 16(b), Federal Rules of Civil Procedure, provides the framework for our consideration of a Motion to amend the Scheduling Order, when the deadline sought to be extended, has already expired. We have frequently stated:

> Rule 16(b), Federal Rules of Civil Procedure, provides that a Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." The "good cause" standard is an exacting one, for it demands a demonstration that the existing schedule "cannot reasonably be met despite the diligence of the party seeking the extension." Rule 16(b), Federal Rules of Civil Procedure, Advisory Committee

> Notes -- 1983 Amendment; see also Julian v. Equifax Check Services, Inc. 178 F.R.D. 10, 16 (D. Conn. 1998). It hardly bears mention, therefore, that "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). Nor does the question of good cause turn on the existence or absence of prejudice to the non-moving party. Luigino's Inc. v. Pezrow Cos., 178 F.R.D. 523, 525 (D. Minn. 1998).

Scheidecker v. Arvig Enterprises, Inc., 193 F.R.D. 630, 631-32 (D. Minn. 2000), quoting Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 581 (D. Minn. 1999).

Accordingly, "[w]e doubt that it can be seriously questioned that '[a]dherence to reasonable deadlines is * * * critical to maintaining integrity in court proceedings.'" Alhom v. American Steamship Co., 167 F.R.D. 75, 79 (D. Minn. 1996), quoting Rouse v. Farmers State Bank of Jewell, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994).

2. Legal Analysis. Given the proffers made by those parties which seek an extension, we are unable to find good cause for a modification of our Scheduling Order. The Crocker Defendants have offered no explanation as to why they waited until May 19, 2003, to note the Plaintiffs' depositions, or why they scheduled those depositions for the last day of the discovery period, when the Pretrial Order had been in place since December 13, 2002. As we stated at the Hearing, we cannot find that such unexcused delay evidences due diligence on the part of the Crocker Defendants. To be sure, the last day of discovery is as viable as the first day

to take depositions, but the risk of waiting until the close of discovery, in order to note those depositions, is the chance, as proved to be the case here, that the deponents are legitimately unavailable until after the deadline for discovery has passed. Had the Plaintiffs been indisposed for significant blocks of time, a different factual scenario would be presented, but here, the depositions were noted when precious time was available. Plainly, if the depositions portended to disclose valuable information, the Crocker Defendants would have noted them months before the close of discovery. Therefore, in the absence of good cause to extend the Pretrial deadlines, we deny the Motion of the Crocker Defendants.

As to the Plaintiffs' Motion, they request that we extend the discovery period until three months after the District Court rules on the Defendants' dispositive Motions, and after the Defendants have served and filed their Answers, at which time the Pretrial deadlines may be adjusted accordingly. While the Plaintiffs have voiced three bases for the requested extension, none of them have persuasive value. Under the circumstances presented, actions do speak louder than words. The Plaintiffs were not about to abide by this Court's rejection of their request for a stay in the proceedings. Rather than to contest that ruling in an orderly fashion, the Plaintiffs abjectly disregarded its import. While self-help is

frequently prescribed by the applicable procedural Rules, self-help is risky business when it violates Pretrial Orders.

To suggest, as do the Plaintiffs here, that the absence of Answers precluded meaningful discovery, is unconvincing. Discovery is frequently prescribed to flesh out the substance of pending dispositive Motions, or to ascertain what defenses, and the grounds therefore, will be proffered by the Defendants. Here, however, the Plaintiffs undertook **no** discovery. Given the extended history between these parties, and related entities, there may have been little need for discovery in any event. While the Plaintiffs may defer discovery, or elect to waive discovery, they may not ignore operative discovery deadlines with impunity. They elected not to take discovery, and they should live with that election.

Since the Plaintiffs undertook no discovery, they are unable to credibly state their belief "that it would be wasteful to proceed with this discovery until [the D]efendants' motions are decided because that discovery would be useless if [the D]efendants' motions are granted." We rejected that argument at the time of the Pretrial Conference and, if the Plaintiffs considered that ruling to be in error, they should have proceeded by way of an appeal, and not by electing to stay discovery by fiat. They assert, however, that, at the time of the Pretrial Conference, the Defendants had only moved to dismiss on lack of personal jurisdiction grounds, and

that it was not until after the Pretrial Order was issued, that the Defendants filed substantive dispositive Motions. Such a change in circumstance does not warrant the Plaintiffs' decision to ignore the deadlines of the Court. If they truly believed that a stay was then in order, they should have moved the Court for that relief. They sought no such relief, and their decision, instead, to waive discovery, fails to provide good cause to now change the pretrial deadlines.

Lastly, we find the Plaintiffs stated concern, about the prospect of Rule 11 sanctions,[2] specious. The purpose of Rule 11

---

[2]In relevant part, Rule 11 provides as follows:

> (b) Representations to Court. By presenting to the court * * * a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances--
>
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the

(continued...)

is not to delay proceedings, but to assure a deliberative, and principled means of completing pretrial processing. If, as the Plaintiffs suggest, the specter of Rule 11 warrants a stay in place until a Court rules on one issue or another, Motion practice will abound in wasteful ways, and the mandate of Rule 1, Federal Rules of Civil Procedure, will be the exception and not the rule. As we have noted elsewhere, "[s]anctions under Rule 11 are not self-effectuating -- the Rule requires a period of notice and cure, before sanctions may be imposed, and then only upon an Order of a Court of law if such sanctions are proven to be warranted." Ringsred v. City of Duluth, 187 F. Supp.2d 1141, 1161 n. 19 (D. Minn. 2001), aff'd, 39 Fed. Appx. 480, 2002 WL 1379100 (8th Cir., June 27, 2002), cert. denied, --- U.S. ---, 123 S.Ct. 877 (2003). Here, the Defendants did not serve the Plaintiffs with a Notice of intent to seek Rule 11 sanctions, until May 5 or 6, 2003. As a consequence, the Plaintiffs were not placed in jeopardy of such sanctions until after that date.

Of course, we are mindful that the Defendants had intimated the meritless nature of the Plaintiffs' claims in November or December of 2002, but that circumstance should have merely encouraged the Plaintiffs to elect to pursue their claims, or abandon

---

[2](...continued)

establishment of new law * * *.

them as sufficiently groundless to risk the imposition of Rule 11 sanctions. While the Plaintiffs assert that they could not know whether they were proceeding in good faith, until the District Court ruled, such a practice would effectively disarm Rule 11. The Supreme Court has explained that "the central purpose of Rule 11 is to deter baseless filings in district court." Simitar Entertainment, Inc. v. Silva Entertainment, Inc., 44 F. Supp.2d 986, 991 (D. Minn.1999), quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393(1990). In order to further that purpose, Rule 11 sets forth a framework, wherein a party, without the involvement of the Court, can warn an opposing party that the party's position lacks merit, and the opposing party is afforded an opportunity to consider the warning, and cure any defects found.

It is only after the provision of such notice, in conjunction with an opportunity to cure, that a party believing that there has been a Rule 11(b) violation, can seek an award of sanctions. To do as the Plaintiffs suggest, would require the Court to determine, in every instance, whether the contested claim has merit, a plainly unworkable result. Under the framework of Rule 11, it is the Plaintiffs responsibility to review the merits of their claims, in the first instance, and determine whether they can prosecute those claims, consistent with Rule 11. Here, the Plaintiffs elected to do nothing, other than to oppose the dispositive Motions. Frankly,

we are at a loss to understand why opposing the dispositive Motions would not expose the Plaintiffs to the same prospect of Rule 11 sanctions as would the undertaking of discovery.

In sum, finding no good cause to extend the pretrial deadlines as proposed by the Plaintiffs, and the Crocker Defendants, we deny that relief.

NOW, THEREFORE, It is --

ORDERED:

1. That the Plaintiffs' Motion to Extend Discovery Schedule [Docket No. 87] is DENIED.

2. That the "Crocker" Defendants' informal Motion to Extend discovery for the purpose of deposing the Plaintiffs [Docket No. 95], is DENIED.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE