**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Patrick T. Manion, Jr.,

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-238 ADM/RLE

Stephen E. Nagin et al.,

Defendants.

---

Patrick T. Manion, Jr. and Nancy Manion,

Plaintiffs,

v.

**MEMORANDUM OPINION AND ORDER**
Civil No. 02-370 ADM/RLE

Alex Stirling et al.,

Defendants.

---

William J. French, Esq., Conant French & Chaney, L.L.P., Dallas, Texas, and Martin A. Carlson, Esq., Lockridge Grindal Nauen P.L.L.P., Minneapolis, MN, appeared for and on behalf of Plaintiffs Patrick T. Manion, Jr. and Nancy Manion.

Stephen L. Wilson, Esq., Foley & Mansfield, P.L.L.P., Minneapolis, MN, appeared for and on behalf of Defendants Alex Stirling, Bruce Marine, Inc., Bruce Crowder, Tom Crowder, Cope Auto & Marine, Inc., Kenneth Cope, Counce Marine, Inc., Tandy Counce, "Just Add Water" Boats, Inc., Tim Meyer, Norris Marine Ltd., and Tom Stidham.

Richard J. Nygaard, Esq., and John J. Wackman, Esq., Rider Bennett, L.L.P., Minneapolis, MN, appeared for and on behalf of Defendants Boat Dealers' Alliance, Beaver Park Marina, Inc., William G. Schaeffer, Boats, Inc., Brian Olson, Donald C. Mackenzie, MarineOne Corp., Tony Lumpkin, Custom Fiberglass Manufacturers, Inc., Frank Franklin, Killinger Marine Center, Inc., Douglass Killinger, Phil Dill Boats, Inc., Phil Dill, Jr., Port Harbor Marine, Inc., Robert Soucy, Russo's Marine Mart, Inc., Lawrence J. Russo, Sr., Summerville Marine, Inc., Cleveland Wilson, Wally Wall, Texas Marine & Brokerage, Inc., Texas Marine of Houston, Inc., Texas Marine of Clear Lake, Inc., and Michael Hebert.

FILED 6·20·03
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD 6·20·03
DEPUTY CLERK

Mark R. Azman, Esq., Johnson & Condon, P.A., Minneapolis, MN, appeared for and on behalf of Defendants Crocker's Marine, Inc., Crocker & Co., L.L.C., Morehead Marine, Inc., Newland Kay Crocker and Terry G. Wilder.

Matt M. Myer, Esq., Moss & Barnett, Minneapolis, MN, appeared for and on behalf of Defendants Stephen E. Nagin, Nagin Gallop Figueredo, P.A., and Herzfeld & Rubin, P.C.

---

## I. INTRODUCTION

On May 9, 2003, the Amended Motion to Dismiss for Lack of Jurisdiction ['370 Docket No. 80] of Defendants Alex Stirling, Bruce Marine, Inc., Bruce Crowder, Tom Crowder, Cope Auto & Marine, Inc., Kenneth Cope, Counce Marine, Inc., Tandy Counce, "Just Add Water" Boats, Inc., Tim Meyer, Norris Marine Ltd., and Tom Stidham (collectively, "Jurisdiction Defendants"), the Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment ['370 Docket No. 81] of all Defendants in case number 02-370 (collectively, the "'370 Defendants") and the Motion for Order Vacating Arbitration Awards Dated November 12, 2002 and February 21, 2003 ['238 Docket No. 96] of Plaintiff Patrick T. Manion ("Manion") were argued before the undersigned United States District Judge. Also pending are the Motion to Dismiss ['370 Docket No. 45] of Defendants Beaver Park Marina, William G Schaeffer, Boats, Inc., Brian Olson, Donald C. MacKenzie, Tony Lumpkin, Cope Auto & Marine, Custom Fiberglass, Frank Franklin, Killinger Marine, Douglass Killinger, Phil Dill Boats, Inc., Cleveland Wilson, Texas Marine, Texas Marine Houston, Texas Marine Clear, Michael Hebert (collectively, the "Motion 45 Defendants") and the Motion to Lift Stay of Proceedings and to Confirm Arbitration Award ['238 Docket No. 84] of Defendant Boat Dealers' Alliance ("BDA").

## II. BACKGROUND

Manion was terminated from his position as Executive Director of BDA at an emergency shareholders meeting on February 13, 1999. Manion filed this action on February 1, 2000, alleging, inter alia, that the termination was improper. This Court granted BDA's motion to compel arbitration in its August 2, 2000 Order [Docket No. 68]. Extensive discovery was conducted, and the arbitration hearing (the "hearing") was held in Minneapolis, Minnesota, from May 29 to June 7, 2002, before Arbitrator Richard Pemberton (the "Arbitrator"). After time extensions were granted, post-arbitration briefs were submitted by the parties on September 9, 2002, with rebuttal submissions filed on October 7, 2002. After these submissions, the hearing was closed pending the need for further oral argument or an order for further written submissions by the Arbitrator. In his June 11, 2002 letter to counsel the Arbitrator specified that "[f]urther proceedings respecting costs, disbursements and attorney fees award will be needed after prevailing party is determined." Wackman Aff. Ex. 1 (emphasis added).[1]

On November 12, 2002, the Arbitrator issued his Findings of Fact, Conclusions of Law and Interim Arbitration Award ("Interim Award"). Id. Ex. 2. The Arbitrator determined that "Manion engaged in bad faith and in grossly negligent conduct" by (1) failing to deduct operating expenses when making dividend payments to BDA's members, (2) failing to deduct operating expenses in calculating his own compensation, and (3) withholding financial information in his possession that would have revealed his bad faith. Id. at 8-12. Based on these findings of fact, in his Interim Award, the Arbitrator concluded "adequate justification for BDA's [terminating

[1] As there are multiple "Wackman Affidavits" submitted for this case, all citations herein to a Wackman Affidavit refer to the affidavit filed April 29, 2003 ['238 Docket No. 103].

Manion] exists," and Manion's breach of contract claim was denied. Id. at 12, 21. The Arbitrator also denied Manion's conversion claim holding that Manion was the owner of 90 shares of preferred stock in BDA and that such stock had never been converted. Id. at 12, 21-22.

On February 21, 2003, the Arbitrator issued his Final Award ("Final Award"), fully incorporating the Interim Award (collectively, the "Awards"). Wackman Aff. Ex. 6. The Final Award added to the determinations of the Interim Award "amounts of principal and interest pertaining to the preferred stock dividends and unpaid salary of [Manion]." Id. at 1. The Interim Award instructed the parties to "meet and confer" concerning related questions, and if an agreement could not be reached regarding the amounts owed, to petition the Arbitrator for a determination by filing written submissions. Id. at 1-2. BDA filed such submissions to the Arbitrator; Manion did not, but filed a January 21, 2003 letter to the Arbitrator making various objections to the Award as to positions of BDA. Id. at 2-3. The additions to the Interim Award encompassed in the Final Award relate only to the resolution of the amounts owing on Manion's preferred dividends and compensation, and to determining the prevailing party for purposes of an attorney fees award. Id. at 3, 6.[2] The Arbitrator found that BDA was the prevailing party on the "most significant issue of the arbitration," and declined to award attorney fees in part. Id. at 6, 7.[3] BDA argues that these determinations are consistent with the June 11, 2002 letter where the

---

[2] The Arbitrator found that Manion was owed $41,191.00 in past due wages and $12,670.00 in preferred dividends, but that such amounts were offset by Manion's overpayment to himself of preferred dividends and compensation prior to his termination of an amount exceeding the amount owed by $28,763.00. The Arbitrator held that BDA is entitled to "credit in that amount to be applied to future preferred dividends, if any, coming due and payable to [Manion]." Wackman Aff. Ex. 6 at 3 (Final Award).

[3] Attorney fees were awarded to one law firm involved in the case, however, as well as costs. Id. at 7-8.

Arbitrator reserved these issues for determination after liability was assessed.

Manion asserts that the Awards should be vacated because the Hearing was not conducted under the rules specified in the Confidential Long-Term Management Agreement between Manion and BDA (the "Agreement") and he alleges the Awards "do not draw their essence from the Agreement." Pl.'s Mem. at 2; see Wackman Aff. Ex. 8 (Management Agreement).

## III. DISCUSSION

### A. Arbitration Award

Under the Federal Arbitration Act ("FAA"), "[a] court's review of an arbitration is very limited." Gas Aggregation Servs., Inc. v. Howard Avista Energy, LLC, 319 F.3d 1060, 1064 (8th Cir. 2003); 9 U.S.C. §§ 1-16. "Where parties agree to arbitrate, a court cannot substitute a judicial determination for the arbitrator's decision." Gas Aggregation, 319 F.3d at 1064. The merits of an arbitration award cannot be reviewed by a court "even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Id. (internal citation omitted). "Even if the court is convinced that the arbitrator committed serious error, so 'long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority,' arbitration awards must be confirmed." Id. (internal citation omitted).

The four circumstances delineated in the FAA which allow vacating an arbitration award are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that

a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a) (2003); see also Val-U Constr. Co. of S.D. v. Rosebud Sioux Tribe, 146 F.3d 573, 578-79 (8th Cir. 1998). Two other "extremely narrow" extra-statutory standards for vacating an award derive from case law:

(5) where an arbitrator's decision is completely irrational, or

(6) where an arbitrator's decision evidences a manifest disregard for the law.

See Hoffman v. Cargill, Inc., 236 F.3d 458, 462 (8th Cir. 2001); Val-U, 146 F.3d at 578 (citing Kiernan v. Piper Jaffray Cos., 137 F.3d 588, 594 (8th Cir. 1998)). "An arbitration decision may only be said to be irrational where it fails to draw its essence from the agreement, and an arbitration decision only manifests disregard for the law where the arbitrators clearly identify the applicable, governing law and then proceed to ignore it." Hoffman, 236 F.3d at 461-62.

None of the statutory or extra-statutory grounds for vacating the Arbitrator's award exist in this case. There are no allegations of corruption, fraud, undue means or partiality. Manion has identified no request for postponement not granted, nor any evidence sought to be presented that was not received by the Arbitrator. Neither party asserts challenges that a final, definite award has been made.

Manion argues that the Arbitrator exceeded the 30-day period in which an award must be issued after receipt of the post-hearing briefs. The hearing was declared closed by the American Arbitration Association ("AAA") on October 11, 2002. Def. Ex. 41. On November 11, 2002, the AAA advised the parties that additional time was required by the Arbitrator and that the award would be due November 13, 2002. Id. Ex. 42. The parties agreed, and the Interim Award

was issued on November 12, 2002. Id. Ex. 43. The Interim Award was therefore timely.

Manion also argues that only one award is allowed under the Employment Rules, and thus the "interim" award was unwarranted and a fatal flaw in the arbitration process. The issuance of an Interim and a Final Award in this case does not meet any of the criteria for vacating the Awards. The necessity of a Final Award determining the damages issues was identified in the Arbitrator's June 11, 2002 letter, and the bifurcated method prejudiced no party. The Final Award did not alter or change the liability conclusions of the Interim Award, but merely added to it the damage calculations which had been reserved for consideration after the prevailing party analysis had been decided. The parties were accorded a full opportunity to submit post-Interim Award briefs and letters as to damages in light of the Interim Award finding the Defendant to be the prevailing party.

Manion alleges that the Arbitrator's Awards fail to draw from the essence of the Agreement and are therefore "completely irrational." Manion argues that the Arbitrator did not use the proper rules, the Employment Rules (as opposed to the Commercial Rules), in reaching his Awards. Manion's position is that "[b]ecause the [A]rbitrator ignored those rules, the Awards are void ab initio." Pl's. Mem. in Supp. at 10. Because no specific reference to the Employment Rules was made by the Arbitrator, Manion argues his Awards were made in violation of the rules. This conclusion does not necessarily entail. Manion alleges that the Arbitrator did not orally specify the governing rules when asked, and therefore the Arbitrator's procedure violated due process norms. This error is alleged to have placed the Arbitrator's Awards beyond the dictates of the Agreement. See Boise Cascade Corp. v. Paper, Allied-Indus., Chem., and Energy Workers (PACE), Local 7-0159, 309 F.3d 1075, 1082, 1084 (8th Cir. 2002)

(holding that an arbitrator's award must draw its essence from the contract and not reflect the arbitrator's "own brand of industrial justice"). Manion also alleges that the Arbitrator ignored the effect of Article VI, section 1, of the BDA's By-Laws on Manion's duties and actions.[4] Wackman Aff. Ex. 9 (BDA By-Laws); Pl.'s Mem. in Supp. at 22. However, an award may not be vacated, even if a District Court disagrees with the arbitrator's interpretation of a contract, "unless that interpretation so directly contradicts the plain meaning of the parties' agreement that it effectively rewrites it." Boise Cascade, 309 F.3d at 1081. The Court finds no reason to disagree with the Arbitrator's interpretation of the Agreement. The Arbitrator referenced relevant provisions of the Agreement and By-Laws in making the Interim Award, and there is no basis on which to conclude the Arbitrator did not fully consider all appropriate provisions, even if he did not explicitly cite them, in making his determinations. See Interim Award at 5-6 (discussing BDA By-Laws Article VII and the Agreement, sections 6(A) and 6(B)) (Wackman Aff. Ex. 2). The alleged failures of the Arbitrator to honor the essence of the Agreement fall far short of "effectively rewriting" the Agreement, and the Awards are not "completely irrational." Boise Cascade, 309 F.3d at 1081.

Nor do the Awards evidence a manifest disregard for the law. Such a finding requires

---

[4] Manion argues that BDA By-Laws Article VI, section 1, requires BDA's Members to decide whether or not to deduct expenses prior to dividend disbursement. BDA By-Laws, VI(1) ("A majority of all the stockholders voting may from time-to-time, determine the rate of monthly dues or other periodic or special dues, fees, charges, or assessments to be paid by the Members to assist in the [sic] financing the operations of the corporation."). Manion argues that By-Law VI(1) is thus a condition precedent to the deduction of expenses under Article VII, section 2 ("There shall be distributed on a patronage basis to such Members of the corporation in a manner taking into account the amount of business done by BDA with each of them, all the net savings and overcharges effected by or resulting from the operations conducted . . . by BDA in connection with the sales of marine equipment . . . made by BDA to such Members for resale by them which remain after paying all operating and administration expenses of BDA . . . .").

"some showing in the record, other than the result obtained, that the arbitrator[] knew the law and expressly disregarded it." Marshall v. Green Giant Co., 942 F.2d 539, 550 (8th Cir. 1991) (internal citation omitted). No such showing has been made by Manion.

The process employed to allow all parties to fully argue and brief their positions in this arbitration was extensive. The proceeding "continued over many months" with a "full range of discovery proceedings and motion practice." Interim Award at 2. The arbitration hearings spanned the course of seven days, involving a number of witnesses testifying and the receipt of 191 numbered exhibits. Id. While not always the case in arbitration proceedings, the procedural complexity of this arbitration was "comparable to complex litigation in United States District Court." Id. In making the Interim Award, the Arbitrator included a memorandum describing the process. He began by noting that the arbitration was pursued by both parties' counsel "with incredible energy and determination." Id. at 24. Manion alleges that the Arbitrator failed to take into account the actions of the Defendants in his analysis, and that such determination is essential to the resolution of Plaintiffs' present charges. The Arbitrator stated that he gave "the most serious consideration" to any justifications of Manion's failure to recognize the necessity of dealing with expenses in computing dividend payments, and that he gave Manion "every consideration in this regard, because the stakes are high." Id. at 25. The Arbitrator stated:

> I very seriously considered whether or not the conduct of the BDA Officers and Directors could be considered because, if they knew or should have known that they were receiving dividends without deduction of expenses, I am hard put to excuse their conduct in accepting those distributions. If they were without the financial information which they claimed not to have for as long a period of time as they said they did not have it, it is hard to excuse their failure to have acted sooner than they did to demand such information. However, the law is clear to me that BDA's failures, no matter how hard to excuse, do not work to change the fact or legal effect of Manion's conduct . . . .

Id. at 26-27.

Manion concedes that all relevant information was presented to the Arbitrator. May 9, 2003 Hearing. While Manion alleges that the Arbitrator did not consider certain arguments, no material has been identified that was not fully presented to the Arbitrator that would be presented in trial. Accordingly, the Arbitrator had before him the entire record of Manion's evidence and arguments prior to making his Awards. The Eighth Circuit has cautioned that "[a]rbitration is not a perfect system of justice, nor [is it] designed to be." Hoffman, 236 F.3d at 462 (internal citation omitted). "[W]here arbitration is contemplated the courts are not equipped to provide the same judicial review given to structured judgments defined by procedural rules and legal principles. Parties should be aware that they get what they bargain for and that arbitration is far different from adjudication." Id. (internal citation omitted). Here, the parties nonetheless received an arbitration process very similar to that expected in litigation, and more than is ordinarily required of this alternative "short cut" to dispute resolution. While the intensity and complexity of the proceedings in this case were high, ordinarily "[a]rbitration is designed primarily to avoid the complex, time-consuming and costly alternative of litigation." Id. "In the arbitration setting we have almost none of the protections that fundamental fairness and due process [usually] require . . . . Discovery is abbreviated if available at all. The rules of evidence are employed, if at all, in a very relaxed manner. The factfinders . . . operate with almost none of the controls and safeguards [expected in litigation]." Id. at 462-63 (citing Lee v. Chica, 983 F.2d 883, 889 (8th Cir. 1993) (Beam, J. concurring in part and dissenting in part). Arbitrators need not even articulate the reasons for their decisions. Id. at 463.

Here, the parties submitted to arbitration and were afforded a complete opportunity to present information to the Arbitrator. "Having entered such a contract, a party must subsequently abide by the rules to which it agreed." Id. The Arbitrator also gave an extensive explanation of his reasons for his decisions. Wackman Aff. Exs. 2, 6 (Interim and Final Awards). None of the statutory grounds for vacating the award exist. Delta Mining Holding Co. v. AFC Coal Props., Inc., 280 F.3d 815, 820 (8th Cir. 2001) (holding that "[i]t is well-settled that only the statutory grounds in § 10(a) of the Act justify vacating an award; arbitration rules and ethical codes 'do not have the force of law'") (internal citation omitted). Manion has not identified any specific Employment Rule that the Arbitrator violated or failed to apply, nor was any such violation raised or identified during the arbitration proceedings. Even if one existed, the statutory grounds are still the only grounds for vacating an award. See Montez v. Prudential Sec., Inc., 260 F.3d 980, 984 (8th Cir. 2001) ("[A] federal court cannot vacate an arbitration award based on a failure to disclose merely because an arbitrator failed to comply with [National Association of Securities Dealers] rules."). Manion's failure to identify a particular Employment Rule not applied has also not been shown to prejudice Manion or to have affected the outcome of the arbitration. Delta Mining, 280 F.3d at 823 (holding that vacating an award under §§ 10(a)(1) and (3) requires a showing that "the [Arbitrator's] conduct influenced the outcome of the arbitration").

In sum, this Court is left with no reason to vacate the Arbitrator's Awards under the permissible statutory and extra-statutory grounds. The Arbitrator's actions meet the standard of "arguably construing or applying the contract and acting within the scope of his authority." Gas Aggregation, 319 F.3d at 1064. For the reasons stated above, Manion's Motion for Order Vacating Arbitration Awards Dated November 12, 2002 and February 21, 2003 is denied.

**B. Motion to Dismiss**

A party may move to dismiss claims for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the pleadings are construed in the light most favorable to the non-moving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993). Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the non-moving party. Ossman, 825 F. Supp. at 880. A complaint should be dismissed only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. Hafley v. Lohman, 90 F.3d 264, 266 (8th Cir. 1996); Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995) (citations omitted). "A motion to dismiss should be granted as a practical matter . . . only in the unusual case in which the plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Frey, 44 F.3d at 671.

Patrick Manion alleges claims for tortious interference with contract (Count I), conversion (Count III), securities fraud (Count IV), breach of fiduciary duty (Count V) and unjust enrichment (Count VI). Patrick and Nancy Manion together allege claims for tortious interference with prospective business relationships (Count VIII), intentional infliction of emotional distress (Count IX), negligent infliction of emotional distress (Count X) and conspiracy (Count XI). Nancy Manion alleges claims for tortious interference with an employment-at-will relationship (Count II) and intrusion into seclusion (Count VII). Am. Compl. ['370 Docket No. 41].

Collateral estoppel applies to a party's claims when:

> (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

Wellons, Inc. v. T.E. Ibberson Co., 869 F.2d 1166, 1168 (8th Cir. 1989). An arbitration award is a prior adjudication for collateral estoppel purposes. Mandich v. Watters, 970 F.2d 462, 465 (8th Cir. 1992).

The '370 Defendants argue that Plaintiffs' claims are collaterally estopped because the issues in this lawsuit were adjudicated by the Arbitrator. The parties agree that the threshold question is whether or not Manion received a "full and fair" hearing in the arbitration process. Plaintiffs assert the arbitration procedures they submitted to were not fair and adequate, and that redetermination of the issues is warranted. Montana v. United States, 440 U.S. 147, 164 n.11 (1979) ("Redetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation."). For the reasons discussed above, this Court does not doubt the quality, extensiveness or fairness of the procedures involved in the arbitration proceedings. Again, Plaintiffs argue that the Arbitrator did not consider the BDA Members conduct in making his determinations, but only focused on the conduct of Manion. Plaintiffs concede that the evidence relevant to the conduct of the Members was presented and discussed in the arbitration, but argue that it was "ignored and not considered" by the Arbitrator. May 9, 2003 Hearing. No authority has been cited that the failure to mention or discuss particular evidence presented to an arbitrator during the course of a lengthy and in-depth arbitration proceeding yields the conclusion that such evidence was ignored or not considered by the arbitrator in reaching his determinations. Accordingly, all legal or factual issues determined

by the Arbitrator that were essential to his Awards are collaterally estopped. Mandich, 970 F.2d at 465.

Plaintiffs identify the securities fraud claim (Count IV), the breach of fiduciary duty claim (Count V), the unjust enrichment claim (Count VI) and the conspiracy claim (Count XI) as being not determined by the Arbitrator's findings. May 9, 2003 Hearing. By implication Plaintiffs concede that Manion's claim for tortious interference with contract (Count I) and conversion (Count III) involve issues determined by the Arbitrator. Because the arbitration proceeding was a full and fair hearing, Counts I and III are collaterally estopped. Patrick and Nancy Manion's alleged claim for tortious interference with prospective business relationships (Count VIII) is duplicative of Manion's tortious interference and conversion claims and is also estopped. Nancy Manion's claim for tortious interference with an employment-at-will relationship (Count II) is based on the alleged "termination of Manion for improper reasons." Pls.' Mem. in Opp. at 27. The propriety of Manion's termination was specifically determined by the Arbitrator; therefore, Count II is collaterally estopped.

The securities fraud claim (Count IV) is predicated on Manion's contention that his stock was converted. The Arbitrator specifically held that Manion's stock was not converted. Count IV is thus collaterally estopped. The breach of fiduciary duty claim (Count V) relates to the termination and/or the alleged conversion of stock. However, the Arbitrator decided each of these issues against Manion in his Awards, therefore Count V is collaterally estopped and dismissed. The unjust enrichment claim (Count VI) turns on Manion's allegation that Defendants engaged in bad faith, deceitful and fraudulent conduct, thereby unjustly benefitting from their wrongful conduct. These issues also directly relate to the justification for Manion's

termination and the alleged stock conversion. Such conduct was discussed by the Arbitrator and Manion's position was rejected. This claim is collaterally estopped and Count VI is dismissed.

Plaintiffs' intentional and negligent infliction of emotional distress claims (Counts IX and X), as well as Nancy Manion's intrusion into seclusion claim (Count VII), have been withdrawn by the Plaintiffs and are hereby dismissed. Defs. Mem. in Opp. at 30. The only issue regarding these claims is whether they are dismissed with or without prejudice. Plaintiffs seek to voluntarily dismiss these claims without prejudice. "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 950-51 (8th Cir. 1999). "Once an answer or a motion for summary judgment has been filed, an action may be dismissed at the plaintiff's request only upon order of the court and upon such terms and conditions as the court deems proper." Id. Thus, absent court order, Plaintiffs have no right to a voluntary dismissal without prejudice where the dismissal was not sought until after Defendants' Motion to Dismiss or for Summary Judgment was filed. See id.

The intrusion into seclusion claim is predicated on external surveillance of the BDA office in which Nancy Manion worked. "Intrusion upon seclusion occurs when one 'intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if the intrusion would be highly offensive to a reasonable person.'" Lake v. Wal-Mart Stores, Inc., 582 N.W.2d 231, 233 (Minn. 1998) (internal citation omitted). However, surveillance of public activities is not generally regarded as a basis for a claim of intrusion into seclusion. See, e.g., Furman v. Sheppard, 744 A.2d 583, 586-87 (Md. App. 2000). Plaintiffs do not allege the surveillance of Nancy Manion in any private place. "There is no

liability for observing [Plaintiff] in public places since [she] is not then in seclusion." Id. at 586. Count VII is dismissed.

Defendants' argue the intrusion into seclusion and intentional infliction of emotional distress claims are time-barred, which buttresses their position that the dismissal should be with prejudice. Intrusion into seclusion is also an intentional tort with a two-year statute of limitations. Minn. Stat. § 541.07(1); see, e.g., Bailer v. Erie Ins. Exchange, 687 A.2d 1375, 1381, 1381 n.4 (Md. 1997). The alleged surveillance occurred in October 1998, more than three years prior to the February 12, 2002 filing of the '370 Complaint alleging a violation of intrusion into seclusion. Thus, the statutory time bar to Count VII requires it be dismissed with prejudice. The same two-year statute of limitations applies to the intentional infliction of emotional distress claim (Count IX). Minn. Stat. § 541.07(1). This claim arises out of the same operative facts as the intrusion claim, and Count IX was also alleged in the February 12, 2002 Complaint in the '370 case. This claim is also time-barred. Nevertheless, Defendants were forced to bring a summary judgment motion regarding this claim as well. Accordingly, this Count IX is dismissed with prejudice.

The negligent infliction of emotional distress claim (Count X) does not involve allegations that Plaintiffs suffered physical injury contemporaneous with Defendants' alleged breach of duty. In such case, "a person within the zone of danger of physical impact who reasonably fears for his or her own safety and who consequently suffers severe emotional distress with resultant physical injury may recover." Stadler v. Cross, 295 N.W.2d 552, 553 (Minn. 1980) (internal citation omitted). A plaintiff may also recover, absent a physical injury, for "mental anguish or suffering for a direct invasion of his rights, such as defamation, malicious

prosecution, or other willful, wanton or malicious conduct." Bohdan v. Alltool Mgf. Co., 411 N.W.2d 902, 907 (Minn. Ct. App. 1987). Here, Plaintiffs were never in the "zone of danger" of any imminent physical impact or injury. The only evident basis for a "direct invasion of rights" claim is Nancy Manion's claim for intrusion into seclusion, which has been dismissed. Accordingly, this claim is not viable and Count X must be dismissed with prejudice.

The conspiracy claim (Count XI) is "based on the commission of an underlying tort . . . ." Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 551 (8th Cir. 1996). Since Plaintiffs' other claims have been dismissed and no underlying tort is viable, Count XI must also be dismissed.

Plaintiffs' punitive damages claims were prematurely plead and are rendered moot by the dismissal of the Amended Complaint. Minn. Stat. § 549.191; Defs.' Mem. in Opp. at 30.

**C. Personal Jurisdiction**

In light of the above rulings, the jurisdiction Motion is not reached.

## IV. CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Manion's Motion for Order Vacating Arbitration Awards Dated November 12, 2002 and February 21, 2003 ['238 Docket No. 96] is **DENIED**,
2. The '370 Defendants' Motion to Dismiss for Failure to State a Claim or, in the Alternative, for Summary Judgment ['370 Docket No. 81] is **GRANTED**,
3. Plaintiffs' Amended Complaint ['370 Docket No. 41] is **DISMISSED WITH PREJUDICE**,
4. The Jurisdiction Defendants' Amended Motion to Dismiss for Lack of Jurisdiction ['370 Docket No. 80] is **DENIED AS MOOT**,
5. The Motion 45 Defendants' Motion to Dismiss ['370 Docket No. 45] is **GRANTED**,
6. BDA's Motion to Lift Stay of Proceedings and to Confirm Arbitration Award ['238 Docket No. 84] is **GRANTED**, and
7. Manion's Complaint ['238 Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

[signature]

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: June 20, 2003