# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

---

No. 03-2869

---

Patrick T. Manion, Jr., *
*
Appellant, *
*
v. *
*
Stephen E. Nagin; Herzfeld & Rubin; *
Herzfeld & Rubin, P.C.; *
Nagin Gallop Figueredo, P.A., *
*
Defendants *
*
Boat Dealers' Alliance, Inc., *
*
Appellee. *

Appeals from the United States District Court for the District of Minnesota.

---

No. 03-2870

---

Patrick T. Manion, Jr.; Nancy Manion, *
*
Appellants, *
*
v. *
*

SCANNED
FEB 9 2005
U.S. DISTRICT COURT MPLS

Alex Stirling; Beaver Park Marina, *
Inc.; William G. Schaeffer; Boats, Inc.; *
Brian Olson; Donald C. Mackenzie; *
Bruce Marine; Bruce Crowder; Tom *
Crowder; Marineone Corp.; Tony *
Lunpkin; Cope Auto & Marine, Inc.; *
Kenneth Cope; Counce Marine, Inc.; *
Tandy Counce; Crocker's Marine, *
Inc.; Crocker & Co., L.L.C.; *
Morehead Marine, Inc.; Newland Kay *
Crocker; Terry G. Wilder; Custom *
Fiberglass Manufacturers, Inc.; Frank *
Franklin; "Just Add Water" Boats, Inc.; *
Tim Meyer; Killinger Marine Center, *
Inc.; Douglass Killinger; Norris *
Marine, LTD.; Tom Stidham; Phil Dill *
Boats, Inc.; Phil Dill, Jr.; Port Harbor *
Marine, Inc.; Robert Soucy; Russo's *
Marine Mart, Inc.; Lawrence J. Russo, *
Sr.; Summerville Marine, Inc.; *
Cleveland Wilson; Texas Marine & *
Brokerage, Inc.; Texas Marine of *
Houston, Inc.; Texas Marine of Clear *
Lake, Inc.; Michael Hebert, *
*
Appellees. *

---

Submitted: October 18, 2004
Filed: December 16, 2004

---

Before MURPHY, HEANEY, and BEAM, Circuit Judges.

---

HEANEY, Circuit Judge.

In this consolidated appeal, Patrick T. Manion, Jr., challenges the district court's[1] order confirming an arbitration award in favor of the Boat Dealers' Alliance, Inc. (BDA), and Patrick and Nancy Manion contest the district court's order dismissing their claims against individual members of BDA (the Members). We affirm.

## BACKGROUND

Patrick Manion worked for many years in the pleasure boat industry. In 1995, he formed BDA, a cooperative of independent retail marine dealers, for the purpose of obtaining better product pricing by leveraging the group's buying power. BDA was incorporated in Florida, and Manion executed a long-term employment agreement which named him as BDA's Executive Director. The agreement required Manion and BDA to arbitrate any dispute that arose between them. Manion's wife, Nancy Manion, also worked for BDA as an at-will employee.

BDA was initially satisfied with Manion's performance, but by 1999, BDA was in dire financial straits. At an emergency shareholders meeting held on February 13, 1999, Manion was terminated. Manion sued BDA, contending that his termination was improper and that BDA had wrongfully converted ninety shares of preferred stock in BDA that Manion owned. Manion sought an injunction requiring BDA to continue compensating him under the terms of his employment agreement, and declaratory relief related to the interpretation of that agreement. The district court ordered Manion to arbitrate his claims against BDA, denied his claims for declaratory and injunctive relief, and stayed the remainder of the proceedings. Manion appealed, and this court affirmed the order denying injunctive relief, and dismissed the remainder of his appeal due to a lack of jurisdiction. See Manion v. Nagin, 255 F.3d

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

535 (8th Cir. 2001). Manion also sued the Members, alleging tortious interference with contract; conversion; securities fraud; breach of fiduciary duty; unjust enrichment; tortious interference with prospective business relationships; and conspiracy.[2] Nancy Manion, who was also terminated, sued the individual members for tortious interference with an employment at-will relationship; tortious interference with prospective business relationships; and conspiracy.

Manion and BDA then began the arbitration process, which, according to the arbitrator, "continued over many months with a full range of discovery proceedings and motion practice comparable to complex litigation in United States District Court." (Appellee's App. at 70.) The proceedings included seven days of testimonial hearings, held from May 29 to June 7, 2002, and the admittance of 191 marked exhibits. On June 11, 2002, the arbitrator sent counsel for Manion and BDA a letter confirming their agreement that final submissions would be due at a later date, and that "[f]urther proceedings respecting costs, disbursements and attorney fees award will be needed after prevailing party is determined." (Id. at 148.)

On November 12, 2002, the arbitrator issued a thirty-one page decision entitled "Findings of Fact, Conclusions of Law and Interim Arbitration Award" (Interim Award). The arbitrator found that Manion's employment contract allowed BDA to terminate him for operating in bad faith against BDA's interest, or for grossly negligent conduct which substantially impaired the continued viability of BDA. He further found Manion to have demonstrated bad faith in at least three instances: 1) by failing to deduct BDA's operating expenses before making dividend payments to BDA's members; 2) by failing to deduct operating expenses before calculating his own compensation; and 3) by withholding financial information that would have

---

[2]Patrick Manion also sued Stephen E. Nagin, BDA's general counsel, and his various law firms, asserting a number of claims related to Manion's involvement with BDA. See Manion v. Nagin, Nos. 04-1579 & 04-1705. These companion cases are being considered separately by this panel.

alerted BDA to his bad faith.[3] Because of Manion's bad faith conduct, the arbitrator concluded that BDA was legally justified in terminating Manion's employment contract. The arbitrator found that Manion remained the rightful owner of his ninety shares of preferred stock. Since Manion maintained "legal beneficial and unencumbered title to 90 shares of BDA preferred stock," (id. at 92), he had no valid claim for conversion of that stock. The arbitrator invited Manion and BDA to submit written position papers concerning the amount and terms of payment for any preferred stock dividends and unpaid salary owed to Manion. The arbitrator further allowed the parties to submit position papers on whether either was the substantially prevailing party and thus entitled to attorneys fees pursuant to Manion's employment contract. The position papers were "due by simultaneous submission to the Arbitrator and [the American Arbitration Association] 30 days subsequent to receipt of this Interim Award." (Id. at 94.)

BDA filed its submissions in a timely fashion. Manion did not file a timely submission with the arbitrator, but rather sent a letter to the American Arbitration Association (AAA) raising objections to the Interim Award. On January 7, 2003, a hearing was held during which Manion explained that he never submitted a position paper to the arbitrator because he was forbidden from doing so as a result of a letter from the AAA instructing the parties not to have any further direct communication with the arbitrator. Manion's counsel then engaged the arbitrator in a discussion pertaining to which rules of procedure governed the arbitration proceeding.

Thereafter, Manion sought to vacate the Interim Award, contending that it was invalid because the arbitrator did not use the rules of procedure contemplated by the parties. The district court denied the motion, and on February 21, 2003, the arbitrator issued a document entitled "Final Award." The Final Award incorporated the Interim

---

[3]The arbitrator also found that Manion was grossly negligent, but not in a manner which affected the continued viability of BDA.

Award's findings of fact and conclusions of law. As to the remaining outstanding issues, the arbitrator found that Manion was owed $41,181 in past due wages, and $12,670 in dividends. He further found that Manion's damages were offset by monies he overpaid himself for wages and dividends before he was terminated, such that Manion's overpayments exceeded his damages by $28,763. Thus, Manion was entitled to no further payment from BDA, and BDA was entitled to a credit of $28,763 against any future dividend payments to Manion. Lastly, because BDA prevailed on the wrongful termination issue, the arbitrator awarded BDA attorneys fees and costs in the amount of $223,770.50.

BDA moved to confirm the arbitration award in district court, and Manion moved to vacate it. The Members moved to dismiss the Manions' claims against them for failure to state a claim, or, in the alternative, for summary judgment. The district court heard argument on the motions on May 9, 2003. At the hearing, Manion argued that the arbitration proceedings were not held under the rules contemplated by the parties and thus should be vacated. He did not, however, identify any evidence or argument that he was precluded from presenting to the arbitrator. Finding no error sufficient to justify vacating the arbitration award, the district court confirmed the award. As to the Manions' claims against the Members, the court found that each substantive claim was collaterally estopped due to the arbitrator's conclusions about the propriety of BDA's termination of Manion and Manion's continued ownership of his preferred stock. The court further found that the conspiracy claim failed because it was not based on the commission of any underlying tort. Manion appeals, contending that the district court erred in confirming the arbitration award; the Manions collectively appeal the dismissal of their claims against the Members.

## ANALYSIS

We review the district court's findings of fact supporting its confirmation of an arbitration award for clear error and its legal conclusions de novo. Stark v. Standberg, Phoenix, & von Gontard, P.C., 381 F.3d 793, 798 (8th Cir. 2004). Our review of the underlying arbitration award, though, is "very limited." Gas Aggregation Servs. v. Howard Avista Energy, LLC, 319 F.3d 1060, 1064 (8th Cir. 2003); see also Stark, 381 F.3d at 798 ("When reviewing an arbitral award, courts accord 'an extraordinary level of deference' to the underlying award itself, because federal courts are not authorized to reconsider the merits of an arbitral award 'even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract.'" (citations omitted)); Bhd. of Maint. of Way Employees v. Terminal R.R. Ass'n, 307 F.3d 737, 739 (8th Cir. 2002) (noting "our scope of review of the arbitration award itself is among the narrowest known to the law"). If the arbitrator is arguably construing or applying the arbitration contract and acting within the scope of his authority, we must uphold the award "[e]ven if the court is convinced that the arbitrator committed serious error." Gas Aggregation Servs., 319 F.3d at 1064.

Under the Federal Arbitration Act (FAA), a court may only vacate an arbitration award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition to the grounds enumerated in the FAA, we have recognized two "extremely narrow" extra-statutory bases for vacating an arbitration award where the award is either completely irrational or manifests a disregard for the law. Hoffman v. Cargill Inc., 236 F.3d 458, 461 (8th Cir. 2001); see also Stark, 381 F.3d at 798. "An arbitration decision may only be said to be irrational where it fails to draw its essence from the agreement, and an arbitration decision only manifests disregard for the law where the arbitrators clearly identify the applicable, governing law and then proceed to ignore it." Hoffman, 235 F.3d at 461-62.

Having reviewed the voluminous record in this case against the above analytical backdrop, we find no error in the district court's confirmation of the arbitration award. Manion contends that the arbitrator failed to abide by the parties' choice of the AAA's Employment Rules to govern the proceedings, and that he therefore exceeded his powers and rendered a completely irrational decision. Manion's counsel admitted at oral argument before this court, however, that the arbitrator did not prevent him from presenting any of his evidence.[4] Manion suggests that because the arbitrator found against him on his claim of wrongful termination, the arbitrator must have ignored the evidence which compelled a contrary conclusion. Essentially, Manion asks us to reweigh the evidence that was before the arbitrator, which our prior decisions make clear is not our prerogative. See, e.g., Hoffman, 236 F.3d at 462. The arbitration award reflects a careful consideration of Manion's employment contract, what type of conduct would justify his termination, and whether BDA had proven any instances of that conduct. The arbitrator's conclusion that Manion's termination was justified by at least three instances of malfeasance is amply supported by evidence submitted to the arbitrator, and we will not disturb it on appeal.

---

[4]On the contrary, the record shows that the arbitration proceedings were extended and extensive, covering over a week's time for hearings which were documented in nearly two thousand pages of transcript.

Manion further argues that his conversion claim was denied in manifest disregard of the law and contravened fundamental notions of due process and fair play. He provides no authority for these assertions, and we have found no record evidence to support his contentions. On the contrary, the arbitrator's decision–that Manion's conversion claim fails because he is the still the rightful owner of the stocks claimed to be converted–appears to place him in the same position as if he had prevailed on his conversion claim.

We find equally unavailing Manion's complaint that the bifurcated award procedure employed by the arbitrator should result in vacation of the decision. The arbitrator's Interim Award, issued on November 12, 2002, finally determined the substantive issues of whether Manion was wrongfully terminated and whether his preferred stock had been converted by BDA. Prior to the issuance of that award, the parties had agreed "[f]urther proceedings respecting costs, disbursements and attorney fees award will be needed after prevailing party is determined." (Appellee's App. at 148.) The arbitrator did not decide the amount of past due wages and dividends owed to Manion in his Interim Award, but rather held that decision until the Final Award, granting the parties an opportunity to submit argument on these issues. Manion now claims that because he did not specifically agree that any damages issues would be reserved, the arbitrator acted without authority by not deciding these issues in his Interim Award.

We find no reversible error here. First, we question whether the arbitrator deviated from the procedures agreed to by the parties. The record indicates that the parties agreed the arbitrator would reserve ruling on certain issues ancillary to substantive liability findings, and that is precisely what happened. Moreover, it is difficult to discern any prejudice to Manion from the bifurcated award procedure. In the Interim Award, the arbitrator rejected the substance of both Manion's wrongful termination and conversion claims. The only unresolved issues were the amounts BDA owed for past wages and dividends, and whether either party was entitled to

costs and attorneys fees as the prevailing party. Each party was given the opportunity to argue its position on those matters, and each did. Indeed, the arbitrator granted Manion a time extension so that he could file his submission, casting doubt on any argument that the three and a half month delay between the Interim Award and Final Award somehow unduly burdened him. Manion would have us review the details of his arbitration proceedings employing a level of scrutiny conferred by neither the FAA nor the Constitution. We decline the invitation, and thus affirm the district court's confirmation of the arbitration award.

We next consider whether the district court properly dismissed the Manions' claims against the Members. The district court held that the claims were precluded by application of the collateral estoppel doctrine.[5] "A district court's rulings on issues of law, including the application of collateral estoppel, are reviewed de novo." Banks v. Int'l Union Elec., Elec., Technical, Salaried, & Mech. Workers, 2004 WL 2754689, at *4 (8th Cir. Dec. 3, 2004).

> Collateral estoppel is appropriate when: (1) the issue sought to be precluded is identical to the issue previously decided; (2) the prior action resulted in a final adjudication on the merits; (3) the party sought to be estopped was either a party or in privity with a party to the prior action; and (4) the party sought to be estopped was given a full and fair opportunity to be heard on the issue in the prior action.

Wellons, Inc. v. T.E. Ibberson Co., 869 F.2d 1166, 1168 (8th Cir. 1989); see also Mandich v. Watters, 970 F.2d 462, 465 (8th Cir. 1992) (applying Minnesota law). A final arbitration award has the same preclusive effect as a prior judgment. U.S. West Fin. Servs., Inc. v. Buhler, Inc., 150 F.3d 929, 932 (8th Cir. 1998).

---

[5]The district court held that the Manions' conspiracy claims failed because they were not based on any viable underlying tort, rather than due to collateral estoppel.

We agree with the district court that each of the Manions' claims, save the conspiracy allegations, are collaterally estopped.[6] Tortious interference with contract requires proof, inter alia, that a contract was breached, Kallok v. Medtronic, Inc., 573 N.W.2d 356, 362 (Minn. 1998), and the arbitrator found that BDA did not breach its employment contract with Manion. Manion based his conversion and securities fraud claims on the allegation that BDA now has his preferred stock, but the arbitrator explicitly found that Manion still holds title to and owns the stock. Manion's claim for breach of fiduciary duty is premised on alleged surreptitious conduct of the Members that resulted in Manion's wrongful termination and conversion of his stock; his unjust enrichment theory, also relates to his employment and stock ownership. As to the Manions' claim for tortious interference with prospective business relationships, we cannot ascertain from the complaint what prospective business relationships are alleged to have been disturbed. Construing the complaint liberally, Maki v. Allete, Inc., 383 F.3d 740, 742 (8th Cir. 2004), we assume that the Manions claim the Members wrongfully interfered with their relationships with BDA. Again, though, the arbitrator found that it was Manion's conduct that was wrongful, and he may not revisit that finding here.[7] With no underlying tort supporting the Manions' conspiracy claim, it fails as well. We thus affirm the dismissal of the Manions' suit against the Members.

**CONCLUSION**

For the reasons stated herein, we affirm the district court's confirmation of the arbitration award and dismissal of the Manions' claims against the Members.

---

[6]Manion contends that the district court erred by applying collateral estoppel because the arbitration proceedings were "fundamentally unfair." (Appellant's Br. at 57.) As discussed at length above, we disagree.

[7]The Manions' brief contains no independent argument for reversal of Nancy Manion's claim for tortious interference with an at-will employment relationship.

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

